NO. 07-11-00393-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 13, 2011

IN RE JACKIE LEE BIBBS, RELATOR

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORIGINAL PROCEEDING**

Relator, Jackie Lee Bibbs, has filed a petition for "Writ of Mandamus to Enforce Judgment on Pending Motion" requesting this Court issue "an Order for hearing for self-representation."[1] We deny the petition.

Texas Rule of Appellate Procedure 52.3[2] identifies the requirements for a petition for writ of mandamus filed in this Court. Bibbs has failed to comply with these requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Bibbs includes a list denominated as "Identity of Parties" but identifies this Court as the only party to this action. Rule 52.3(d) requires a statement of the case that includes a concise description of the

_____

[1] The self-representation sought by Bibbs through this mandamus action appears to relate to his pending criminal appeal in Cause Number 07-10-0300-CR.

[2] Further citation to Texas Rules of Appellate Procedure will be by reference to "Rule __."

nature of the underlying proceeding. Bibbs's petition does not contain a statement of the case, and does not include a concise description of the nature of the underlying proceeding. Rule 52.3(e) requires the petition include a statement regarding the basis of this Court's jurisdiction. Bibbs's petition does not identify a proper basis for this Court's exercise of jurisdiction in this proceeding.[3] Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Bibbs's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record. Bibbs's petition does include a statement of facts, but does not cite to competent evidence in the appendix or record. Rule 52.3(h) requires a clear and concise argument for the contentions made, with appropriate citations to authorities. Bibbs does not identify any authority that would authorize the relief sought. Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. Bibbs has not included an appendix to his petition. As each of these items is required in a petition for writ of mandamus and Bibbs has failed to comply with these requirements, we may not grant the relief that he requests.

---

[3] Bibbs's petition reveals that he is requesting this Court issue a writ of mandamus against itself. A court of appeals has authority to issue writs of mandamus against district and county court judges within the court of appeals's district and all writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004). Clearly, there is no statutory authority authorizing this Court to issue a writ of mandamus against itself, and Bibbs makes no effort to identify how the issuance of the writ would be necessary for this Court to enforce its jurisdiction.

As Bibbs's petition for writ of mandamus does not comply with the requirements of Rule 52.3, we deny the petition.


                                                              Mackey K. Hancock
                                                                 Justice